The first matter listed is that of government of the Virgin Islands versus Gantt Mosby. Mr. Walker. May it please the court. Samuel Walker on behalf of Gantt Mosby. I'd like to reserve five minutes for rebuttal please. Grant. Thank you. The mistake that the trial court made in deciding whether to admit the recorded statement in this case was that the court appears the trial court appeared to have forgotten that Mr. Mosby was entitled to a jury trial. What do you mean by that sir? What I mean by that is instead of admitting the recorded statement and letting the jury decide whether or not the statement was trustworthy the judge decided himself whether or not the statement was trustworthy. Well it can't trustworthiness actually be a factor for admissibility to be determined by the court depending upon what rule of evidence is employed. I'm sorry. Cannot trustworthiness be a factor at least to be considered and to be considered by the court for purposes of admissibility depending upon what rule of evidence is being used to determine admissibility. It is our position your honor that the trial judge should not address the issue of trustworthiness directly. Under rule 804 of the federal rules of evidence. There are basically four reasons, well at least four, that I would like to address as to why the recorded statement should have been admitted under rule 804. Number one, the statement was a statement against interest. Number two, the statement was not offered to exculpate Mr. Mosby. Number three, there were corroborating circumstances. And number four, as I said it is the jury's role ultimately to determine trustworthiness. So I'll address the first one. Assuming that you're talking about rule 804, not 807. I am definitely talking about rule 804 your honor. As far as the statement against interest, the recorded statement in this case was in fact a statement against interest because. Of whom? By whom? By Mr. Paniagua. But doesn't that put the rabbit in the hat? Isn't that precisely the question, or at least a question, that the court resolved in such a way that the statement did not come in? The court resolved that question in Mr. Paniagua's favor. The court did find that that statement was a statement against interest because it subjected Mr. Paniagua. I mean the identity of the speaker. I'm sorry? The speaker. The person who made the statement on the tape. Right. What's your question? What the statement on the tape was according to Mr. Mosby. Right. Whom? Made by whom? Mr. Paniagua. He had the tape played for his benefit. Yes. And what did Mr. Paniagua say about the identity of the speaker? He denied that it was his statement. Ah. So what is the import of that? I don't think there is any import to that. The fact that he stated it was not his statement. Well why doesn't that go to the trustworthiness? I'm puzzled by your opening argument because you say that trustworthiness is a matter for the jury, but isn't it true that rule 804b3 specifically says in subsection b that it's supported by corroborating circumstances that clearly indicate its trustworthiness? Right. But the operative words in that sentence that you read was whether the statement, whether they are corroborating circumstances. The operative terms is not whether it's trustworthy. If you have corroborating circumstances, clearly it indicates, it suggests that the statement is trustworthy. Alright, but that's a normative judgment. I'm asking you the threshold question which you addressed in your opening argument, namely who decides. As I understood your opening argument, you're saying that this is for the jury to decide and I'm challenging you on that because as I read the rule, it seems to suggest that this is a gatekeeping function for the trial judge in the first instance before we get to the jury. Is that wrong? Well, the gatekeeping function is for the jury. And here did the trial judge not say that the overwhelming weight of the evidence that the circumstances were that there were four actors involved, at least four actors. For example, if the evidence had shown a lone gunman, then perhaps the trial judge would have said, well, there are sufficient corroborating circumstances to allow this Paniagua theory to come in. But as I understand it, the judge said, well, there's no way to reconcile this hitman theory with what we know to be four shooters in the case. Right. And what I'm suggesting in terms of if you read the rule and if you appreciate it from the perspective of the right to a jury trial, you will recognize that what the rule, the gatekeeping function is for the judge. There are two sort of gatekeeping functions, two key gatekeeping functions. One to determine whether it's a statement against interest. That if the statement is a statement against interest, that goes to the trustworthiness of the statement. But the judge is not entering into a weighing of the evidence to determine whether or not the statement is trustworthy. He's simply looking at the record. And is there evidence that this statement is a statement against interest? Yes. And then you ask, is it supported by corroborating circumstances? The judge has to make that decision. And why was the judge wrong in this case to say that there's no way to reconcile four actors with the lone hitman theory? I'll tell you exactly why, Your Honor. Because the judge entered into a weighing of the evidence. A weighing of the evidence is the role of the jury. The judge should simply have looked at the evidence, the record, and determined, just like when you look at whether it's a statement against interest. You don't get into a weighing of the evidence. It's a statement against interest. It's admitted. But there are certain aspects of the judge's job that are gatekeeping, as with expert witnesses. And here, where the federal rule of evidence says corroborating circumstances that clearly support its trustworthiness, this is for the judge to consider in whether to admit or not. And doesn't that put the burden on the judge to determine whether the corroborating circumstances do, in fact, clearly support his trustworthiness? Absolutely not, Your Honor. The judge here is trying to determine whether the judge is trustworthy or not. So, and that's not for the judge to do. What the judge should do... Well, doesn't the rule say that that is the function that the judge, in fact, does do? I'm suggesting, Your Honor, that that's not what the rule says. The rule requires the court, as a gatekeeping function, to determine whether there exists corroborating circumstances. But corroborating circumstances are modified by the clause that clearly support its trustworthiness. I suggest, Your Honor, that it's not modified by that clause, because any corroborating circumstances, any corroborating circumstance would suggest trustworthiness. No, not necessarily, because here you have a balancing of corroborating circumstances. You have, I guess you wouldn't call them corroborating, but in considering corroborating circumstances you also have to consider the fact that there is forensic, strong forensic evidence that there were four shooters, that the witnesses saw four men, and that this testimony has to be considered in evaluating the corroborating evidence. Is it consistent with what we know about what happened? That evidence that you're referring to, Your Honor, those pieces of evidence are not corroborating circumstances. No, they're not, but aren't they, isn't that evidence that you have to consider in determining the trustworthiness of what is called the corroborating evidence? Absolutely not, Your Honor, that's the role of the jury. That's the role of the jury. You seem from the start to be trying to turn this into almost a Seventh Amendment issue, a right to a jury trial, when even our own cases on 804b3 have introduced a totality of the circumstances element to the equation that the trial judge is to use. That's classic weighing of evidence, isn't it? Right, and I think the classic weighing of evidence that has gone on by the courts, most of the courts make the same mistake. They weigh the evidence as opposed to simply perform the gatekeeping function of determining whether or not there's corroborating circumstances, and then let the jury weigh the evidence. That's classically the role of the jury. I see that my time has expired. You have rebuttal. I misspoke a moment when I was referring to the constitutional issue I assumed that you were turning this into, which to me makes it sound like you're arguing a fair trial issue, but we'll hear you again on rebuttal, so thank you very much. Thank you, Your Honor. Ms. Tepper? Good morning, Your Honors. May it please the Court, my name is Pamela Tepper, and I represent the Government of the Virgin Islands. Let me just get organized for one second. Your Honors, I'd like to respond to the argument that has been forwarded by Mr. Mosby with regard to the admission or lack of admission of the tape recording between the confidential informant and Vargas Pena Agua. Which we are reviewing for an abuse of discretion, right? Abuse of discretion in that, Your Honors, we have the question before the Court is if it's an evidentiary issue, yes, it's abuse of discretion. So the question then becomes whether, as the Court has discussed, whether 803B presents circumstances that lend itself to totality of the circumstances in addition to making sure that there's corroborating information. What the Court would do is... It is to be corroborated by a totality of the circumstances, that's what our case law says. Right, that's correct, Your Honor. What happened in this particular situation is that we have a tape that throughout the trial there were certain, if you will, representations that were made by Mr. Mosby's then counsel. And when the court actually, the trial court actually reviewed the tape, it became apparently clear to the court that what was represented on the tape was really not what was... I'm sorry, is that a fire alarm or... Fire alarm reported in the building. Please proceed to the stairways and exit the building. Do not use the elevators, but proceed to the stairways and exit the building. I'll take a recess. You'll get your time back. No problem. Court stands in recess. Fire alarm reported in the building. There has been a fire alarm reported in the building. Please proceed...